0

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOBBY DARRELL COLBERT,

Petitioner,

v.

JASON BENNETT,

Respondent.

Case No. C24-0889-LK-SKV

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Petitioner Bobby Darrell Colbert is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging a 2-year increase to his 2005 sentence for a judgment imposed by Skagit County Superior Court. *See* Dkt. 5. Petitioner has filed other federal habeas petitions relating to the same judgment. This Court, having reviewed the petition filed in this matter and Petitioner's prior petitions, concludes the instant petition is a successive petition over which this Court lacks jurisdiction, and the petition should therefore be dismissed.

//

## II. DISCUSSION

Petitioner filed the instant federal habeas petition on June 25, 2024. *See* Dkt. 5. The petition relates to the judgement and sentence entered under Skagit County Superior Court case number 04-1-00497-6. Dkt. 5 at 3. He challenges a 2-year increase of his sentence as constituting an "indeterminate sentence," *id.* at 3, and asserts that former RCW 9.94A.712[1] unconstitutionally contravenes his Sixth Amendment right to a jury trial. *Id.* at 7.

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254. A review of this Court's records reveals that Petitioner has filed or submitted eight other federal habeas petitions challenging his conviction under Skagit County Superior Court Case No. 04-1-00497-6. *See Colbert v. McDonald*, C08-0870-RSL; *Colbert v. Sinclair*, C11-0076-RSM; *Colbert v. Glebe,* C12-0563-RAJ; *Colbert v. Gilbert*, C16-1663-RSL; *Colbert v. Haynes*, C18-1350-RSM, *Colbert v. Haynes*, C19-0467-RAJ; *Colbert v. Bennett*, C23-1122-JNW-MLP; *Colbert v. Bennett*, 24-1002-DGE-TLF.

Seven of Petitioner's federal habeas petitions challenging the judgment at issue here have been dismissed with prejudice, with one more recently filed petition pending before the Court. That fact renders the instant petition successive for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). This Court is without jurisdiction to consider a successive petition until the

---

[1] Recodified as RCW 9.94A.507.

Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition and, thus, this Court lacks jurisdiction over the petition.

**III. CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner may satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

**IV. CONCLUSION**

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition, Dkt. 5, be dismissed for lack of jurisdiction and that a certificate of appealability be denied. This Court further recommends that the motions submitted by Petitioner subsequent to the filing of his petition, Dkts. 6 & 7, be denied as moot. A proposed Order accompanies this Report and Recommendation.

**V. OBJECTIONS**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may

affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 12, 2024**.

DATED this 22nd day of July, 2024.

S. KATE VAUGHAN
United States Magistrate Judge