UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBY DARRELL COLBERT,<br><br>  Petitioner,<br><br>  v.<br><br>JASON BENNETT,<br><br>  Respondent. | CASE NO. 2:24-cv-00889-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge S. Kate Vaughan, to which no objections have been filed. Dkt. No. 9. Judge Vaughan recommends dismissing Petitioner Bobby Darrell Colbert's petition for writ of habeas corpus without prejudice because it is a successive petition over which this Court lacks jurisdiction. *Id.* at 1, 3.

Mr. Colbert, a state prisoner proceeding pro se and *in forma pauperis* ("IFP"), initiated this habeas action on June 21, 2024 pursuant to 28 U.S.C. § 2241. Dkt. No. 1-1 at 1; Dkt. No. 5 at 1; *see* Dkt. No. 4 (order granting Mr. Colbert's motion to proceed IFP). He seeks to challenge his judgment and sentence entered in Skagit County Superior Court, and specifically, the legality of his sentence under former Section 9.94A.712 of the Revised Code of Washington, recodified under

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Section 9.94A.507. Dkt. No. 5 at 1–2, 6–7; Dkt. No. 9 at 2 n.1. In the R&R, Judge Vaughan reasoned that because Mr. Colbert is a state prisoner in custody pursuant to a state court judgment, his petition is properly construed under 28 U.S.C. § 2254. Dkt. No. 9 at 2 (citing *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc)). And, because Mr. Colbert has previously submitted eight other federal habeas petitions challenging the same conviction in Skagit County Superior Court, most of which have been dismissed with prejudice, Judge Vaughan concluded that the instant petition is successive for purposes of 28 U.S.C. § 2244(b). *Id.* (citing 28 U.S.C. § 2244(a)); *see also, e.g.*, *Colbert v. Bennett*, 2:23-cv-01122-JNW, Dkt. Nos. 19–20 (W.D. Wash. Apr. 23, 2024); *Colbert v. Haynes*, 2:19-cv-00467-RAJ, Dkt. No. 33 (W.D. Wash. July 8, 2020). Accordingly, the R&R found that this Court is without jurisdiction to consider Mr. Colbert's petition until the Ninth Circuit authorizes its filing, and the record does not reflect such authorization. Dkt. No. 9 at 2–3 (citing 28 U.S.C. § 2244(b)(3)(A)). Last, the R&R recommends denying a certificate of appealability because no reasonable jurist could conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 3 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

Having independently reviewed Mr. Colbert's habeas petition and the record in this case, the Court agrees that Mr. Colbert's petition constitutes an unauthorized second or successive petition that this Court is without jurisdiction to consider. Under 28 U.S.C. § 2244(b), Rule 9 of

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

the Habeas Rules, and Ninth Circuit Rule 22-3, petitioners may not file a second or successive habeas petition under 28 U.S.C. § 2254 without first obtaining leave from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3); *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of such an order authorizing review, a district court lacks jurisdiction to consider a second or successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam). Notably, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). A disposition is "on the merits" if the district court "either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *Id.*; *accord Brown v. Atchley*, 76 F.4th 862, 865–68 (9th Cir. 2023).

Here, the Court finds that Mr. Colbert's petition concerns the same state court conviction he challenged in his previous habeas petitions in this district, and that none of the exceptions outlined in 28 U.S.C. § 2244(b)(2) apply. Accordingly, his petition is a successive petition and he was required to seek authorization from the Ninth Circuit Court of Appeals before proceeding in this Court. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam); 28 U.S.C. § 2244(b)(3). He did not do so, and the Court therefore lacks jurisdiction over his petition. *See Cooper*, 274 F.3d at 1274; 28 U.S.C. § 2244(b)(2).[1]

For the foregoing reasons, it is hereby ORDERED that:

(1)   The Court ADOPTS the Report and Recommendation, Dkt. No. 9;

(2)   Mr. Colbert's Petition for Writ of Habeas Corpus, Dkt. No. 5, is DISMISSED without prejudice, and his motions to waive the R&R and to appoint standby

---

[1] The Court notes that Mr. Colbert's filing of "supplemental authorities" does not alter this outcome, as *Erlinger v. United States*, 144 S. Ct. 1840 (2024) has no bearing on the issue of filing successive habeas petitions. *See* Dkt. Nos. 8, 10.

counsel, Dkt. Nos. 6–7, are DENIED as moot;

(3)     A certificate of appealability is DENIED; and

(4)     The Clerk of Court is directed to close this case.

Dated this 12th day of August, 2024.

*Lauren King*

Lauren King
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 4